**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| BEATRIZ BURGOS CAMARGO, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00237 |
| | § | |
| TODD BLANCHE, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Respondents' Response to the Petition and Motion for Summary Judgment, (Dkt. No. 11), and Petitioner's Motion to Dismiss Petition, (Dkt. No. 13). Petitioner's counsel states that Petitioner was granted voluntary departure from the United States. (Dkt. No. 13 at 2).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at

---

[1]    Todd Blanche is automatically substituted for Pam Bondi in this case under Federal Rule of Civil Procedure 25(d). The Clerk of Court is DIRECTED to substitute these parties on the docket.

735. He is not in physical custody of Respondents, and he does not challenge any restrictive conditions on his liberty. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Respondents' Motion for Summary Judgment and Response to the Petition, (Dkt. No.11), are **DENIED as moot**. Petitioner's Motion to Dismiss Petition, (Dkt. No. 13) is **GRANTED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 11, 2026.

John A. Kazen
United States District Judge